# United States Court of Appeals for the Fifth Circuit

No. 25-30685
CONSOLIDATED WITH
No. 25-30711
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 14, 2026

Lyle W. Cayce
Clerk

KELVIN WELLS,

*Plaintiff—Appellant*,

*versus*

RONALD JOHNSON; BEAU HIGGINBOTHAM; TARVALD SMITH; DOUG WELBORN,

*Defendants—Appellees*.

_____

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:25-CV-506

_____

Before HIGGINBOTHAM, ENGELHARDT, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

25-30685
c/w No. 25-30711

Kelvin Wells, proceeding pro se, appeals the district court's order granting final judgment in the defendants' favor and dismissing his claims with prejudice. After reviewing the briefs and the record, with the benefit of liberal construction of Wells's brief, we find no reversible error and AFFIRM the judgment of the district court.

## I

The appellants are Louisiana judges who presided over Wells's lawsuits in state court. Wells later sued Judge Ronald Johnson, Judge Beau Higginbotham, and Judge Tarvald Smith in their individual and official capacities under 42 U.S.C. § 1983 in Louisiana state court.[1] Wells alleges violations of due process and equal protection under the United States and Louisiana constitutions, among other procedural misgivings. The defendants removed based on federal-question jurisdiction and moved to dismiss under Rule 12(b)(6). Wells opposed dismissal and moved to remand. The district court dismissed this cause with prejudice, finding the defendants were not "persons" susceptible to suit under § 1983 and are entitled to absolute judicial immunity. Wells appealed.

## II

The district court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. We review a motion granted under Rule 12(b)(6) de novo. *Butler v. Porter*, 999 F.3d 287, 292 (5th Cir. 2021). A complaint will survive dismissal for failure to state a claim if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "However, regardless of whether the

---

[1] Wells also named Doug Welborn, a state clerk of court, as a defendant in his petition. Welborn was never served.

25-30685
c/w No. 25-30711

plaintiff is proceeding *pro se* . . . conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal quotation marks and citation omitted).

## III

We first address whether the appellants are subject to liability under § 1983 in their official capacities, then we turn to whether judicial immunity shields them from Wells's individual-capacity claims.

"To state a claim under § 1983, [Wells] must allege facts showing that a person, acting under color of state law, deprived [him] of a right, privilege or immunity secured by the United States Constitution or the laws of the United States." *Bryant v. Mil. Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010). "Neither a State nor its officials acting in their official capacities are 'persons' under § 1983," and the defendant-judges are agents of the state of Louisiana. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see Dejoie v. Medley*, 41,333 (La. App. 2 Cir. 12/20/06), 945 So. 2d 968, 973 ("The judiciary, while a separate branch of state government, is, obviously, an agency of the state."). Accordingly, the district court did not err in concluding the defendants are not "persons" subject to official-capacity claims under § 1983 and dismissing the attendant claims against them.

Nor did the district court err in dismissing the individual-capacity claims on the grounds of judicial immunity. Under that doctrine, a judge is immune from lawsuits arising from his or her judicial actions performed within the bounds of the court's jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Wells complains of the defendants' conduct in managing his court filings and courtroom proceedings, which all fall within the ambit of judicial actions routinely performed by judges. *See id.* at 12 ("[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.,* whether it

3

is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity." (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)) (alterations in original)). As Wells's claims fail to allege facts concerning the defendants' performance of "nonjudicial actions" or "actions, though judicial in nature, taken in the complete absence of all jurisdiction," judicial immunity shields the defendants from the individual-capacity claims lodged against them. *Id.* at 11–12.

We AFFIRM.